IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSHUA R. WINE and
AUBREIANNA M. WINE,
his wife,

    Plaintiffs,

v.                                 Civil Action No. 5:18CV98
                                                  (STAMP)
STATE ENERGY CORPORATION,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION TO FILE A SURREPLY**
**AND DENYING PLAINTIFFS' MOTION TO REMAND**

This is a personal injury case arising from a flash fire at a natural gas well pad located in New Martinsville, Wetzel County, West Virginia. The plaintiffs filed this civil action in the Circuit Court of Wetzel County, West Virginia. ECF No. 1. Defendant Stone Energy Corporation ("Stone") removed the case to this Court citing diversity jurisdiction. Id. The plaintiffs then filed a motion to remand. ECF No. 7. The defendant filed a response in opposition to plaintiffs' motion to remand. ECF No. 13. The plaintiffs then filed a reply to the defendant's response. ECF No. 15. In response, the defendant filed a motion for leave to file a surreply. ECF No. 18. The plaintiffs then filed a response in opposition to defendant's motion for leave to file a surreply. ECF No. 22. For the reasons set forth below, defendant's motion to file a surreply is granted and the plaintiffs' motion to remand (ECF No. 7) is denied.

I.  Background

Plaintiff Joshua R. Wine ("Mr. Wine") was employed by Island Operating Company and was working on behalf of his employer at the Howell Pad.  ECF No. 1-2 at 3.  Defendant Stone Energy Corporation ("Stone") allegedly owned and operated the Howell Pad where Mr. Wine allegedly sustained injuries from a flash fire.  ECF No. 1 at 2.  Plaintiff Aubreianna Wine ("Mrs. Wine") asserts a derivative claim for the loss of consortium and services of her husband.  ECF No. 1-1 at 8.

After defendant's notice of and removal to this Court, the plaintiffs filed a motion to remand (ECF No. 7) arguing that the defendant failed to satisfy its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.00 exclusive of interest and costs.  The plaintiffs assert that the defendant, in its notice of removal, merely made conclusory allegations that the plaintiffs' claims exceed the requisite amount, and that the threat of punitive damages does not give rise to federal jurisdiction.  ECF Nos. 7 at 1 and 8 at 4-5.  After, the defendant filed a response to the plaintiffs' motion to remand arguing that the amount in controversy exceeds $75,000.00 exclusive of interest and costs because Mr. Wine incurred $82,715.00 in medical bills arising from the flash fire and because a "common sense" reading of the complaint confirms that the amount in controversy has been met.  ECF No. 13 at 2, 5 (citing Mullins v.

Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994)). The plaintiffs filed a reply to the defendant's response arguing that the defendant's response is improperly supported by an affidavit (ECF No. 13-1 at 1) which is allegedly based upon information improperly obtained by defendant concerning Mr. Wine's purportedly private and confidential medical and workers' compensation information. ECF No. 15 at 1. The defendant then filed a motion for leave to file a surreply to address allegations of improper obtainment of confidential information and to request this Court acknowledge that neither defendant Stone, nor its counsel, have requested, obtained, reviewed, or accessed Mr. Wine's medical records and that the information cited was not confidential information. ECF No. 18-1 at 1-2.

## II. Applicable Law

A defendant may remove a case from state court to a federal court with original jurisdiction. 28 U.S.C. § 1441. Under 28 U.S.C. § 1332(a), district courts have original jurisdiction where the dispute is between citizens of different states and the amount in controversy exceeds $75,000.00. The parties must be completely diverse, meaning that "the citizenship of each plaintiff must be different from the citizenship of each defendant." Hoschar v. Appalachian Power Co., 739 F.3d 163, 170 (4th Cir. 2014). Diversity is "assessed at the time the action is filed." Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991).

The party seeking removal bears the burden of establishing federal jurisdiction. See In re Blackwater Security Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006). When removal is challenged, the defendant must establish jurisdiction by a preponderance of the evidence. Strawn v. AT&T Mobility LLC, 530 F.3d 293, 297-98 (4th Cir. 2008). Further, this Court must strictly construe its removal jurisdiction and remand if federal jurisdiction is doubtful. Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999). However, courts are not required "to leave common sense behind" when determining the amount in controversy. Mullens v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When the amount in controversy is not apparent on the face of the plaintiff's complaint, the court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged, the notice of removal, and any other relevant materials in the record at the time of removal. 14C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3725.1 (4th ed. 2013). Typically, removal jurisdiction should be evaluated based solely on the filings available when the notice of removal was filed. Tamburin v. Hawkins, No. 5:12CV79, 2013 WL 588739, *1 (N.D. W. Va. Feb. 13, 2013) (citing Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 428 (7th Cir. 1997)). However, it may be proper for the court to consider other evidence in the record where the amount in controversy is not

readily ascertainable from the pleadings. See Wright & Miller, supra § 3725.1; Mullins, 861 F. Supp. at 23.

### III. Discussion

There is no dispute in this civil action that complete diversity exists. In their complaint, the plaintiffs claim past and future medical bills, personal, psychological, and emotional damage and injuries, lost wages, earning capacity, and benefits, lost household services and future lost household services, past and future physical pain and suffering, past and future mental anguish and suffering, past and future loss of capacity to enjoy life and engage in normal activities, and past and future annoyance and inconvenience, humiliation, embarrassment, and aggravation. See ECF No. 1-1 at 7. The plaintiffs also seek punitive damages. ECF No. 1-1 at 6-7; see Asbury-Castro v. GlaxoSmithKline, Inc., 352 F. Supp. 2d 729, 732 (N.D. W. Va. 2005) (noting that "[u]nder West Virginia law, a good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless . . . [it is] legal[ly] certain[] that [the] plaintiff cannot recover punitive damages in the action").

Defendant Stone argues that the amount in controversy exceeds $75,000.00 because Mr. Wine incurred $82,715.00 in medical bills arising from the flash fire that is the subject of this civil action. ECF No. 13 at 2. In addition, defendant asserts that Mr. Wine received $38,578.00 in indemnity payments for lost wages and

disability following the incident. ECF No. 13 at 3. In support, defendant Stone submitted as evidence the Declaration of Lance A. Leblanc, a safety manager employed by Island Operating Company, plaintiff Joshua Wine's employer. ECF No. 13-1.

Plaintiffs raise an argument in their reply that the defendant should not be permitted to use the information contained within the declaration (ECF No. 13-1) in order to satisfy their burden of proving removal jurisdiction on the basis that it was improperly obtained. Plaintiffs argue that the defendant's response is improperly supported by plaintiff Joshua Wine's private and confidential medical and workers' compensation information in that the declaration of Island Operating Company's safety manager Lance A. Leblanc's (ECF No. 13-1) is based upon information that "is confidential and private and was derived from protected sources and documents." ECF 15 at 1, 3. As such, the plaintiffs argue that the defendant should not be rewarded for its conduct by having this evidence considered and contend that, without this evidence, the defendant has no evidence to show that the amount in controversy has been met. ECF No. 15 at 5-6.

This Court finds that at this time, the issue of whether or not defendant has engaged in any alleged wrongdoing does not concern the instant issue of jurisdiction before this Court. This Court notes that the defendant did not attach the specific medical bills or medical records, but that the plaintiffs take issue with

6

the information referenced within the declaration itself which were general statements regarding the total cost of the plaintiff's hospitalization and/or medical treatment. Further, the defendant points out that the plaintiffs do not challenge the amounts cited, which are $82,715.00 in medical bills, $39,578.00 in indemnity benefits, and that the plaintiff's earned wages in 2016 were $38,371.65 at the time of the fire that is subject of this civil action in October 2016. ECF No. 18-1 at 2, ECF No. 13-1. Without deciding whether or not there is an actual issue of improperly obtaining confidential information by the defendant, or improperly turning over confidential information by the employer, this Court finds that such an issue is not determinative of the amount in controversy for jurisdictional purposes which is the basis of the instant motion. While there may in fact be some appropriate remedy to address the defendant's alleged improper conduct, such remedy does not present itself in this Court's consideration of the plaintiffs' instant motion to remand. Narrowing in on the specific issue before this Court, this Court finds that plaintiffs have failed to offer any argument contrary to the evidence presented in the defendant's affidavit other than raising the issue of alleged improper conduct in obtaining such information. Accordingly, since the plaintiffs have not refuted the defendant's evidence in support of removal and diversity jurisdiction, this Court finds that the defendant has satisfied its burden of proving by preponderance of

the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

IV. Conclusion

For the reasons stated, this Court finds that it has subject matter jurisdiction in this civil action under 28 U.S.C. § 1332(a). Accordingly, the plaintiffs' motion to remand (ECF No. 7) is DENIED and the defendant's motion for leave to file a surreply (ECF No. 18) is GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: August 28, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE